**AMERICAN SAMOA GOVERNMENT, Plaintiff/Respondent**

v.

**MICHAEL F. ADAMS, Defendant/Petitioner**

High Court of American Samoa
Trial Division

CR No. 06-86

February 9, 1996

Before KRUSE, Chief Justice.

Order Denying Application for Writ of Mandamus:

Defendant Adams is serving a 30 year prison term on two counts of second-degree murder. He recently petitioned for a writ of habeas corpus, alleging that the Parole Board (the "Board") had refused to consider his application for parole. On January 17, 1996, we denied this petition because Adams' application was premature, and because his proper remedy, for undue delay by the Board in considering his application, would be a writ of mandamus to compel the Board to consider his application, rather than a writ of habeas corpus to render his detainment unlawful.

On February 5, 1996, the Board granted Adams' petition for parole on four conditions, one of which was that the Hawaii Paroling Authority accept Adams for placement and courtesy supervision. According to Adams, this has not yet occurred, and he remains in custody at the Tafuna Correctional Facility. Adams now moves for a writ of mandamus which, although unclear as to the remedy prayed for, seems to ask that we order the Board to release him from custody.

 A writ of mandamus is an extraordinary writ and will not issue unless:

> (1) the plaintiff has a plain right to have the act performed; (2) the defendant has a plain duty to perform it; and (3) there is no other adequate remedy available to the plaintiff.

*Mulitauaopele v. Maiava*, AP No. 14-93, slip op. at 2 (App. Div. 1995); 24 A.S.R.2d 97, 98 (Trial Div. 1993). Although this court suggested that a writ of mandamus might be utilized to compel the Board to consider a parole application as it is plainly required to do by A.S.C.A. § 46.2702, the writ may not be used to compel action which is "discretionary" in nature. The decision by the Board of whether or not to release a prisoner on parole is a discretionary matter.

> If it appears to the board . . . that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and if in the opinion of board the release is not incompatible with the welfare of society, the board may in its discretion authorize the release of the prisoner on parole.

181

A.S.C.A. § 46.2703(a) (emphasis added).

Adams argues that the Board exceeded its powers by imposing conditions on his parole which are not enumerated in A.S.C.A. § 46.2304(b). This is a misconstruction of the statute. Section 46.2304(b) begins by stating:

> "Parole" means the discharge of a prisoner subject to conditions of release that the territorial parole board considers reasonable to assist the offender to lead a law-abiding life, and subject to the supervision of the territorial parole board.

The foregoing language empowers the Board to place "reasonable" conditions on the release of the prisoner, which will vary depending upon the individual circumstances of each prisoner.

The statute continues with language stating that, "[t]he conditions of release include . . . ," which is then followed by a list of three conditions. A.S.C.A. § 46.2304(b). Adams argues that the Board's authority to impose conditions of release is limited to the list of three conditions, and that the Board therefore had no authority to condition his release on his acceptance by the Hawaii Paroling Authority.

■ This contention is erroneous. This list of three conditions of release is not a comprehensive enumeration of what may be required, but is instead an enumeration of the minimum requirements. The statutory language is *inclusive* and not *preclusive*, and the Board is free to place other conditions upon parole which it finds "reasonable," as long as the enumerated minimum requirements are included.[1] This conclusion is

---

[1] The first two conditions of release under A.S.C.A. § 46.2304(b) are that the parolee shall refrain from violating the law, and avoid other technical violations of parole. When the statute indicates that the conditions "include" these two requirements, it does not mean that it *may* include them, but rather that it *must* include them. The third condition mentioned in A.S.C.A. § 46.2304(b) states that the Board "may require the offender to make restitution" to aggrieved parties. Although this language is permissive, using the word "may," it is included in the statute only for the purpose of limiting the Board's authority to order such restitution to an amount which the parolee "will be able to pay within the parole term." In other words, restitution need not be selected as one of the conditions of parole, but if it is chosen it must comply with the mandatory limitation.

strengthened by the language of A.S.C.A. § 46.2704(b) that "[e]ach order of parole must set the terms and conditions of parole."

Adams further complains that the requirement of his acceptance by the Hawaii Paroling Authority has the effect of "NOT GRANTING parole and discharge from prison." Since the Board had no duty to grant parole nor to release Adams, and had the statutory discretion under A.S.C.A. § 46.2703(a) to deny it, this argument is irrelevant.[2]

Adams inexplicably contends, as he has before, that former Chief Justice Rees told him that he would serve "at least one year and not more than 10 years behind bars."[3] On page 2 of Adams' judgment and sentence, entered and signed by Chief Justice Rees August 15, 1986, and approved by Adams' attorney, it is clearly ordered that Adams is sentenced to 30 years imprisonment. 30 years does not somehow mean a maximum of 10 years.

For the foregoing reasons, Adams' petition for the writ of mandamus is denied.

The Clerk of Courts is directed to serve a copy of this order upon the government/respondent and the Board via the Attorney General's Office and upon the defendant/petitioner at the Tafuna Correctional Facility.

It is so ordered.

---

[2] When parole is denied, a prisoner may reapply for it six months following the Board's denial. A.S.C.A. § 46. 2702(a).

[3] *Cf.* A.S.C.A. § 46.3503 (Murder in the Second Degree is a Class B Felony). A Class B Felony is punishable by a term of imprisonment of "not less than 5 years and not to exceed 15 years." A.S.C.A. § 46.2301(2).